[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 130)
Plaintiff, Mary Coletta, commenced this action against defendant, Westland Properties, Inc. for injuries sustained when plaintiff allegedly slipped and fell on property allegedly owned and maintained by defendant. Defendant Westland filed a motion to implead Stamford Wrecking Co. as a third-party defendant and the court granted the motion. Defendant Westland filed a three count complaint against third-party defendant Stamford Wrecking Co. pleading contractual indemnification, active/passive negligence, and negligence respectively. Defendant Westland seeks indemnification, costs, expenses, attorney fees and appropriate assessment of third-party defendant's proportionate share of damages pursuant to General Statutes 52-572h(c) and (d).
Third-party defendant, Stamford Wrecking Co., filed a motion to strike so much of third-party plaintiff Westland's prayer for relief that seeks costs, expenses, attorney fees, and assessment of third party defendant's share of damages. Third-party plaintiff opposes the motion on two grounds: (1) the motion was previously denied by the court, Spear, J., on December 10, 1991, and (2) "the elements of damages which are challenged need no citations to authority and are appropriate under the rules of third-party pleading."
As to the first ground, the first motion to strike was denied on the ground that a default for failure to plead had been entered on November 19, 1991 against the third-party defendant. On January 2, 1992, the default was set aside on the ground that a motion to strike had been filed prior to a ruling on the motion for default. Thereafter, on February 3, 1992, the third-party plaintiff filed the present motion to strike. Because the original motion to strike was not decided on its merits due to a technical error in granting the default for failure to plead and because the default has been set aside, the court will address the merits of the present motion to strike.
 A. SHOULD THE COURT STRIKE THE THIRD-PARTY PLAINTIFF'S CLAIMS FOR ATTORNEY'S FEES, COSTS AND EXPENSES
"The general rule of law known as the `American rule' CT Page 9299 is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. (Citations omitted). . . . Connecticut adheres to the American rule. (Citations omitted.)" Marsh, Day Calhoun v. Solomon, 204 Conn. 639, 652 (1987).
1. COSTS AND EXPENSES
Pursuant to General Statutes 52-257, in any civil action in which the amount in demand is not less than $15,000.00 the prevailing party is entitled to recover by way of indemnity various costs and expenses accrued in the action. Third-party plaintiff seeks damages in excess of $15,000.00 from the third-party defendant. The court must deny third-party defendant's motion to strike that portion of third-party plaintiff's prayer for relief that seeks costs and expenses in that certain costs and expenses are permitted by statute.
2. ATTORNEY'S FEES
In the third-party complaint, the third-party plaintiff claims indemnification based on contract and active/passive negligence. In a case of contractual indemnification "[t]he general rule is that, in the absence of express contractual terms to the contrary, allowance of [attorney's] fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification. (Citations omitted.)" Burr v. Lichtenheim, 190 Conn. 351, 363 (1983). See also Gino's Pizza of East Hartford v. Kaplan, 193 Conn. 135
(1984). Claims for attorney's fees based on the liability of a primarily negligent party have been allowed under the rule set forth in Burr. See Seismograph Service (England) Limited v. Bolt Associates, Inc., 8 Conn. App. 446, 453 (1986); Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 82 (1986).
In construing the allegations of the third-party complaint most favorably to the pleader, the court must deny the motion to strike the claim for attorney's fees. The third-party plaintiff has alleged indemnification claims in counts one and two and may be entitled to attorney's fees incurred in defending the original action.
B. LIABILITY
CT Page 9300 Connecticut has adopted the comparative negligence doctrine, General Statutes 52-572h, for determining the relative liability of negligent parties. Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 797 (1983). General Statutes 52-572h(b) provides:
 In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverage economic damages and the recoverable noneconomic damages . . . (Emphasis added.)
Third-party defendant may not seek an appropriate assessment of third-party defendant's share of damages because in a third-party action the claimed liability is to the third-party plaintiff and not to the original claimant. This conclusion is further supported by subsection (j) of General Statutes 52-572h which provides:
 This section shall not impair any right to indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnitee is for indemnity and not contribution, and the indemnitor is not entitled to contribution from the indemnitee for any portion of his indemnity obligation.
The court grants the motion to strike that portion of the claim for relief seeking appropriate assessment of damages. The motion is denied in all other respects.
E. EUGENE SPEAR, JUDGE