[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
Third party defendant, Boston Steel and Manufacturing Co. ("Boston Steel"), moves to strike count one of the Liberty Oil Equipment Co., Inc.'s ("Liberty Oil") third-party complaint seeking common law indemnification. In support of its motion, Boston Steel claims that Liberty Oil has failed to state a claim upon which relief can be granted in that 1) it fails to allege that Boston Steel "had exclusive control over the situation which proximately caused the plaintiff's injuries," and 2) in the context of a products liability claim, indemnification is a commercial loss which may be brought only under the Uniform Commercial Code.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "If facts provable in the complaint would CT Page 13913 support a cause of action, the motion to strike must be denied."Waters v. Autori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
"Ordinarily there is no right of indemnity or contribution between joint tortfeasors . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury . . . Under the circumstances described, we have distinguished between `active or primary negligence,' and `passive or secondary negligence.' . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; internal quotation marks omitted.) Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 698, 535 A.2d 357 (1988). Four separate elements must be established to recover for indemnification: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in exclusive control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate, and could reasonably rely on the other tortfeasor not to be negligent. Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 698, 694 A.2d 788 (1997).
Liberty Oil has sufficiently alleged the essential elements of a claim of common law indemnification in paragraphs 10 through 14 of the third-party complaint. Specifically paragraph 12 alleges that "Boston Steel was in exclusive control of the manufacture, construction and design of the truck or component parts of the truck including the tank and ladder at issue." In the context of a product liability claim, the element of exclusive control is not limited to control over the premises where the injury occurs. Bernard v. Marriott Corporation, Superior Court, judicial district of Stamford, Docket No. 114261 (May 11, 1992) (Rush, J.) (6 CONN. L. RPTR. 406). Rather, it includes control over the condition or defect causing the injury.Torrington Country Club v. Ply Gem, Superior Court, judicial district of Litchfield, Docket No. 061340 (June 21, 1994) (Pickett, J.) Further, in light of the evidence that might be admitted on the basis of the allegations of the third-party complaint, whether Boston Steel had exclusive control over the situation is a question of fact that cannot be resolved on a CT Page 13914 motion to strike. Kaplan v. Merberg Wrecking Corp. ,152 Conn. 405, 418, 207 A.2d 732 (1965); David Coates, Sr. v. RolscreenCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 330146, 16 CONN. L. RPTR. 35 (January 19, 1996) (Licari, J.).
In addition, despite the third-party defendant's claim to the contrary, common law indemnification is a viable cause of action in the context of product liability claims. Malerba v. CessnaAircraft Co., 210 Conn. 189, 198, 554 A.2d 287 (1989). In a product liability action, such as this one, where it is claimed that a manufacturer such as Boston Steel, has placed a defective product in the stream of commerce, the court is unwilling to conclude, as a matter of law, that it is thereafter prevented from being deemed as being "in exclusive control of the situation" when the product causes injury to a third party.Bernard v. Marriott Corporation, supra, Superior Court, Docket No. 114261, 6 CONN. L. RPTR. 406.
Accordingly, the third party defendant's motion to strike the third-party complaint is denied.
Peck, J.