[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
THIRD PARTY DEFENDANT'S MOTION TO STRIKE THIRD PARTY COMPLAINT
On August 10, 1994, the plaintiff, Royal Insurance Company (Royal), filed a four count complaint against the defendant (third party plaintiff), Jean Padula, alleging the following facts. Padula owned a home in Danbury, Connecticut, which was damaged on December 27, 1993, by a fire caused by the negligence of a plumber employed by Precision Pump Service. Royal provided insurance coverage on Padula's home and paid her $13,940 for the loss and damage sustained by the home as a result of the fire.
Padula also accepted payment from the plumber's insurance carrier, Aetna Insurance (third party defendant), and signed a release, which prevented Royal from pursuing its subrogation rights against Aetna. In its complaint, Royal alleges breach of contract, conversion, wrongful appropriation of property and breach of duty to safely keep and accurately account for all monies belonging to Royal CT Page 5580 that were in Padula's care and control.
Padula filed a motion to implead Aetna as a third party defendant on June 25, 1996, which the court, Aurigemma, J., granted on September 13, 1996. Padula also filed a third party complaint against Aetna on June 25, 1996, sounding in negligence.
Aetna, the third party defendant, filed this motion to strike the third party complaint on November 25, 1996, which was accompanied by a memorandum of law in support of the motion. Padula, the third party plaintiff, filed her memorandum of law in opposition to the motion to strike on January 30, 1997.
"The object of the [impleader] rule[1] [is] to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials. . . ." Beaudoin v. Town Oil Co., 207 Conn. 575, 588,542 A.2d 1124 (1988). "An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the [impleader] statute. Senior v. Hope,
[156 Conn. 92, 98, 239 A.2d 486 (1968)]." Commissioner v.Lake Phipps Land Owners Corp., 3 Conn. App. 100, 102,485 A.2d 580 (1985). "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of [the] plaintiff's claim against him." Id. "An attack upon the sufficiency of an impleader complaint should be made by a motion to strike." Id., 102 n. 2.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied" Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal CT Page 5581 quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
In the present case, Aetna, the third party defendant, moves to strike the third party complaint for failing to state a claim upon which relief may be granted. Aetna argues that the third party complaint states a claim for common law indemnification, whereas the first party plaintiff's claims against the defendant/third party plaintiff, Padula, sound in intentional tort and breach of contract. Thus, Aetna asserts, a suit for common law indemnification is legally insufficient when the underlying claims in the original complaint are not grounded in negligence.
The defendant/third party plaintiff, Padula, argues that she can bring a common law indemnification action against the alleged actively negligent party, Aetna, the third party defendant, even though Royal's complaint against her alleges intentional tort and breach of contract. In support of this position, the defendant/third party plaintiff cites cases which support common law indemnification when the first party complaint claims strict products liability.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest.Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701,535 A.2d 357 (1988). "Ordinarily, there is no right of indemnification between tortfeasors." Atkinson v. Berloni,23 Conn. App. 325, 326, 580 A.2d 84 (1989); Farm BureauMutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539, 544, 107 A.2d 406 (1954). "A party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990), citing Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 411, 207 A.2d 732 (1965). CT Page 5582
An implied obligation to indemnify exists between joint tort-feasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp.,
supra, 152 Conn. 412. "A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary [or active]." Immick v. Sears,Roebuck Co., Superior Court, judicial district of Danbury, Docket No. 305177 (January 22, 1992, Fuller, J.,5 Conn. L. Rptr. 469), citing Weintraub v. Richard Dahn,Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982); Kaplan v.Merberg Wrecking Corp., supra, 152 Conn. 415.
In the present case, the third party plaintiff, Padula, claims common law indemnification against the third party defendant, Aetna, based on an active/passive negligence theory. Padula alleges the four elements needed to successfully plead active/passive indemnification in her third party complaint: (1) the other party was negligent; (2) the other party's negligence was the direct and primary, immediate cause of the injury; (3) the other party was in exclusive control over the situation; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence. Burkert v. Petrol Plus of Naugatuck, Inc.,
supra, 216 Conn. 74; Kyrtatas v. Stop Shop, Inc., supra,205 Conn. 698; Weintraub v. Richard Dahn, Inc., supra,188 Conn. 573; Kaplan v. Merberg, supra, 152 Conn. 407. These allegations are set forth in the third party complaint, paragraphs 4, 5, 6, and 7. In addition, "in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship. " Atkinson v. Berloni, supra,23 Conn. App. 328.
"[T]he question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact . . . and not appropriate for disposition by the court on a motion to strike." (Citation omitted.) Id., 328; Coatesv. Rolscreen Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 330146 (January 19, 1996, Licari, J., 16 Conn. L. Rptr. 35); King v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket CT Page 5583 No. 287324 (January 26, 1995, Rush, J.,13 Conn. L. Rptr. 321). Accordingly, the proper inquiry for the court that is raised in the present motion is whether the third party plaintiff, Padula, could prove, on the basis of her allegations, that she is entitled to indemnification.Atkinson v. Berloni, supra, 23 Conn. App. 328.
While it is true that the claims against Padula set forth in the first party plaintiff's complaint include intentional tort and breach of contract (Complaint, Counts One and Two), count four alleges that the defendant/third party plaintiff, Padula, breached a duty to safely keep and accurately account for all monies belonging to Royal that were in Padula's care and control, which sounds in negligence. Therefore, since negligence was alleged by the first party plaintiff, Royal, as to the defendant/third party plaintiff, Padula, then the third party complaint is legally sufficient because Padula alleges that Aetna's negligence, rather than her own negligence, caused Royal's injuries.
In the court's opinion the defendant/third party plaintiff, Padula, has drawn her third party complaint to sufficiently allege circumstances to give rise to common law indemnification against the third party defendant, Aetna. Accordingly, the third party defendant's motion is denied.
In the alternative to the court granting its motion to strike the third party complaint in its entirety, the third party defendant moves to strike the second and third prayers for relief on the ground that they are legally insufficient. The defendant/third party plaintiff seeks contribution from the third party defendant in her second prayer for relief and seeks costs, expenses and attorney's fees from the third party defendant in her third prayer for relief.
The motion to strike may test "the legal sufficiency of any prayer for relief in any . . . complaint. . . ." Practice Book § 152. See also Carchidi v. Rodenhiser,209 Conn. 526, 531, 551 A.2d 1249 (1989). A prayer for relief may be the basis of a motion to strike if the relief sought is improper. See Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 302 n. 4, 478 A.2d 257 (1984). CT Page 5584
"Since the [third party plaintiff] seek[s] . . . complete reimbursement for all loss and expenses arising from the litigation instituted against [her] in the [the first party plaintiff's complaint], this is an action for indemnity rather than for contribution. . . ." Kaplan v.Merberg Wrecking Corp., supra, 152 Conn. 412. "Indemnification claims reimbursement of a share of a payment made by one tortfeasor that was attributable to a joint tortfeasor." United States v. Yale New HavenHospital, 727 F. Sup. 784, 786 n. 2 (D.Conn. 1990); Kaplanv. Merberg Wrecking Corp., supra.
At common law, Connecticut did not recognize contribution among joint tortfeasors under the theory that the law will not aid a wrongdoer. See Sims v. Honda MotorCo., Ltd., 225 Conn. 401, 417, 623 A.2d 995 (1993) ("[T]he common law of this state entirely prohibited contribution among joint tortfeasors."). "`Connecticut General Statutes § 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" (Citation omitted.) White v. B.J.W. Car Rental, Superior Court, judicial district of Waterbury, Docket No. 101178 (May 3, 1993, Sullivan, J., 9 Conn. L. Rptr. 55, 57).
Presently, the right to contribution "exists only in post judgment proceedings pursuant to General Statutes § 52-572h (h)."[2] Aponte v. Johnson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 114281 (September 14, 1992, Rush, J.,7 Conn. L. Rptr. 364), citing Knapik v. Hanson, Superior Court, judicial district of Waterbury, Docket No. 095518 (June 8, 1992, Cofield, J., 6 Conn. L. Rptr. 392); Blanchette v.Pennington, Superior Court, judicial district of Middlesex, Docket No. 061431 (April 10, 1992, Austin, J.,6 Conn. L. Rptr. 358); Snipes v. Fisher, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 071198 (July 31, 1991, Wagner, J., 6 CSCR 770); Deveau v.Buccheri, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 385860 (July 3, 1991, Hennessey, J., 4 Conn. L. Rptr. 280).
General Statutes § 52-572h (j) provides that: CT Page 5585 "[w]here one tortfeasor is entitled to indemnity from another, the right of the indemnitee is for indemnity and not for contribution. . . ." General Statutes § 52-572h
(j). Accordingly, the court herewith grants the third party defendant's motion to strike the defendant/third party plaintiff's second prayer for relief for contribution.
Finally, as to the third party defendant's motion to strike the third party plaintiff's third prayer for relief for costs, expenses and attorney's fees, it is noted that, where a claim for indemnity is based on the liability of a primarily negligent party, as in the present case, the right to attorney's fees exists with regard to those fees incurred in defense of the claim to be indemnified, but not to fees incurred in establishing the right to indemnification. Burr v. Lichtenheim, 190 Conn. 351, 363,460 A.2d 1290 (1983). See also Seismograph Service(England) v. Bolt Associates, 8 Conn. App. 446, 453,513 A.2d 180 (1986) ("The implied contract of indemnity which arises in favor of a person who is exposed to liability on account of the tortious act of another imposes an obligation upon the active wrongdoer to reimburse the indemnitee not only for damages which he has been obliged to pay but also for reasonable attorney's fees, at least where he has notice of the suit against the indemnitee and an opportunity to defend. 42 C.J.S., Indemnity, 24.").
The court denies the third party defendant's motion to strike the third party plaintiff's third prayer for relief for expenses and attorney's fees.
Robert J. Hale Judge Trial Referee