## DENNIS GIANQUITTI *v.* GERTRUDE SHEPPARD
## (AC 17769)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued March 3—officially released April 27, 1999

*Michael Feldman,* for the appellant-appellee (third party defendant).

*Kathleen A. St. Onge,* with whom, on the brief, were *John B. Farley* and *Bruce H. Raymond,* for the appellee-appellant (third party plaintiff).

*Opinion*

FOTI, J. The third party defendant, BST Systems, Inc. (BST), appeals from the judgment of the trial court rendered in favor of the third party plaintiff, Gertrude Sheppard, on Sheppard's indemnification claim. On appeal, BST claims that the trial court improperly (1) precluded it from filing its special defenses, (2) determined that it was in exclusive control of certain premises, (3) determined that Sheppard had no reason to anticipate BST's negligence, (4) awarded common-law

indemnification against BST where Sheppard failed to establish the breach of an independent legal duty, (5) awarded common-law indemnification against BST where Sheppard failed to make a timely notice or demand or to provide BST with an opportunity to defend the underlying action and (6) awarded attorney's fees to Sheppard. We affirm the judgment of the trial court with regard to all of BST's claims.

Sheppard filed a cross appeal claiming that the trial court improperly failed to award her full indemnity for the attorney's fees and expenses she incurred in defense of the first party action filed against her.[1] We affirm the judgment of the trial court with regard to Sheppard's claim on cross appeal.

The following facts and procedural history are relevant to the resolution of this appeal. BST leased storage space in a commercial warehouse located in Plainfield, which was owned by Sheppard. In November, 1993, BST instructed Dennis Gianquitti, one of its employees, to go to the warehouse to repair an overhead door. The door was located between a hallway, which was in a common area of the warehouse, and a storage room, which was controlled by and leased to BST. When Gianquitti attempted to fix the door, it fell, injuring him.

This action originated when Gianquitti brought a personal injury suit against Sheppard seeking damages for the injuries he allegedly sustained when the door fell on him. After receiving Gianquitti's complaint, Sheppard filed a motion to implead BST, which was granted by the trial court. Sheppard then filed a revised third

---

[1] While Sheppard's preliminary statement of issues raised three separate issues in her cross appeal, she has briefed only one, that the trial court improperly failed to award her full indemnity for the fees and expenses she incurred in defense of the first party action. Because Sheppard failed to brief the additional claims raised, we deem them abandoned. See *Wright* v. *Hutt*, 50 Conn. App. 439, 456, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998).

party complaint against BST seeking indemnification for damages that might be paid to Gianquitti, along with attorney's fees, costs and expenses. Sheppard claimed that if she was negligent, as Gianquitti had claimed, then such negligence was "secondary in nature, and the negligence of [BST] . . . was the direct and immediate cause of the injury and damages claimed" by Gianquitti. That claim was based on Sheppard's assertion that BST, as lessee of the area in which Gianquitti's was injured, maintained "exclusive control over the situation which led to [those] injuries." Subsequently, Gianquitti and Sheppard entered into a settlement agreement whereby Sheppard agreed to pay Gianquitti $7000. Gianquitti then withdrew his complaint against Sheppard.

In September, 1997, the case was tried to the court on Sheppard's third party indemnification claim against BST. On October 17, 1997, the trial court filed its memorandum of decision finding in favor of Sheppard and awarding her $7000 for indemnity, as well as attorney's fees and costs. BST then appealed from the trial court's judgment, and Sheppard filed a cross appeal. Additional facts will be set forth as they become relevant in the context of the parties' specific claims.

I

BST first claims that the trial court improperly precluded it from filing its special defenses. We disagree.

On September 5, 1997, the day the trial commenced, BST attempted to file an answer and special defenses to Sheppard's revised complaint, which she had filed on June 11, 1997, almost three months prior to the commencement of trial. Following an objection by Sheppard's counsel, the trial court permitted BST to file its answer but refused to permit it to file its special defenses, finding them to be untimely and prejudicial to Sheppard's case.

On appeal, BST argues that there was no legal basis for the trial court's decision to preclude it from filing its special defenses. In support of its argument, BST cites General Statutes § 52-121 (a), which provides that "[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute . . . *until the court has heard any motion for judgment by default or nonsuit for failure to plead* which has been filed in writing with the clerk of the court in which the action is pending." (Emphasis added.) BST argues that even though it filed its answer beyond the time period fixed by Practice Book § 10-8,[2] because Sheppard never moved to default BST for failing to plead, "BST was entitled as of right to file its pleading including special defenses," even on the first day of trial.

Under the circumstances of this case, the trial court did not improperly preclude BST from filing its special defenses. While Sheppard never moved to default BST for failing to plead, we cannot say that the trial court was deprived of its inherent authority to control the proceedings before it to ensure that there was no prejudice or inordinate delay. See *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 574, 512 A.2d 893 (1986) (denial of motion to amend complaint upheld, in part, by trial court's "wide latitude in docket control" and responsibility for "efficient and orderly movement of cases").

While the special defenses filed by BST were not technically filed as an amendment to an existing

[2] Practice Book § 10-8 provides in relevant part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required, except that in summary process actions the time period shall be three days and in actions to foreclose a mortgage on real estate the initial time period shall be fifteen days. . . . "

answer, we recognize that the same concerns that necessitate providing the trial court with broad discretion to grant or deny amendments to existing pleadings apply under these circumstances as well. As we have said, "[t]he trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Internal quotation marks omitted.) *Eisenbach* v. *Downey*, 45 Conn. App. 165, 181, 694 A.2d 1376, cert. denied, 241 Conn. 926, 696 A.2d 1264 (1997).

In sustaining Sheppard's objection to BST's special defenses, the trial court noted that it took BST "almost three months to file the answer and [BST] filed it on the date of trial with four special defenses. [The plaintiff's counsel] said they are not adequate. [The defendant's counsel] says they are. . . . I don't think it's appropriate to put the court on the spot of having to make a determination as to whether or not they're adequate without the court's having an opportunity to prepare and read cases and briefs or whatever submissions counsel would make to help the court decide that question. So I think the court is prejudiced by the late filing, as well as the plaintiff."

We conclude, therefore, that in light of the trial court's finding of prejudice and possible delay, it did not abuse its discretion in precluding BST from filing its special defenses.

II

BST next claims that the trial court improperly determined that it was in exclusive control of the situation that gave rise to Gianquitti's injuries. We disagree.

To maintain a common-law action for indemnity, Sheppard was required to establish: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the defendant's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation *to the exclusion* of [the defendant]; and (4) that [the defendant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Emphasis added; internal quotation marks omitted.) *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 698, 694 A.2d 788 (1997).

In finding that BST was in exclusive control of the situation that gave rise to Gianquitti's injuries, the trial court noted that BST ordered Gianquitti "to go to [the] building owned by Sheppard to repair a door latch. The door was between a common area hallway and a room leased by BST from Sheppard. . . . BST had the only key to the door and Sheppard could not enter the leased area without the permission of BST who had sole possession of the key to the door. BST discovered the defective latch and hinge and sent Gianquitti to make repairs, all without any knowledge of Sheppard."

BST argues that the location of the door, which was on the boundary of a common area and the area leased to Sheppard, "make[s] the finding of exclusive control unsupportable." We do not agree. As the trial court found, BST had the only key to the broken door that caused Gianquitti's injuries. In addition, when the door needed repair, BST undertook to repair it without Sheppard's knowledge or permission. In fact, even though Sheppard owned the warehouse, she could not enter the leased area without BST's permission.

The absence or presence of exclusive control is ordinarily a question of fact. Id., 704. "We will not upset a trial court's resolution of a question of fact unless it is

clearly erroneous." *Board of Public Utilities Commissioners* v. *Yankee Gas Services Co.*, 236 Conn. 287, 298, 672 A.2d 953 (1996). On the basis of our review of the record, we conclude that the trial court's determination that BST was in exclusive control of the situation that gave rise to Gianquitti's injuries was not clearly erroneous.

### III

BST next claims that the trial court improperly determined that Sheppard had no reason to anticipate BST's negligence. We decline to review this claim.

Again, to maintain a common-law action for indemnity, Sheppard was required not only to establish that BST maintained exclusive control over the negligent situation that gave rise to Gianquitti's injuries, but was required to demonstrate that Sheppard "did not know of such negligence, had no reason to anticipate it, and could reasonably rely on [BST] not to be negligent." (Internal quotation marks omitted.) *Skuzinski* v. *Bouchard Fuels, Inc.*, supra, 240 Conn. 698. On appeal, BST claims that Sheppard failed to produce evidence to support her claim that she had no reason to anticipate BST's negligence.

"It is the appellant's burden to provide an adequate record for review. Practice Book § 4061 [now § 60-5]; *Barnes* v. *Barnes*, [190 Conn. 491, 494, 460 A.2d 1302 (1983)]. It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision; *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995); to clarify the legal basis of a ruling; *Leverty & Hurley Co.* v. *Commissioner of Transportation*, 192 Conn. 377, 379, 471 A.2d 958 (1984); or to ask the trial judge to rule on an overlooked matter. *Wolk* v. *Wolk*, 191 Conn. 328, 335

n.1, 464 A.2d 780 (1983)." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52–53, 717 A.2d 77 (1998).

A review of the memorandum of decision reveals that while the trial court determined that Sheppard, in fact, had no reason to anticipate BST's negligence, the legal and factual basis for that conclusion is not stated. BST has not moved for an articulation on this point. We, therefore, decline to review this issue.

## IV

BST next claims that the trial court improperly awarded common-law indemnification against BST where Sheppard failed to establish the breach of an independent legal duty. We disagree.

Generally, " '[w]hen the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the Workers' Compensation Act]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. . . .' 2A A. Larson, [Workmen's Compensation Law § 76]." *Ferryman* v. *Groton*, 212 Conn. 138, 144–45, 561 A.2d 432 (1989).

Following its memorandum of decision, the trial court issued an articulation and found that "[t]he case of *Skuzinski* v. *Bouchard Fuels, Inc.*, 240 Conn. 694, 694 A.2d 788 (1997), holds that 'a third party plaintiff, outside the context of workers' compensation law, need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law

claim for indemnity.' Id., 701–702. Sheppard, therefore, had no obligation to prove such an independent legal duty. Since there was no special defense of workers' compensation permitted in this case, Sheppard had no duty to allege or prove such relationship."

On appeal, BST continues to argue that Sheppard was required to establish the existence and breach of an independent legal duty. While we agree that an employer's failure to assert as a special defense the exclusive remedy clause of the Workers' Compensation Act, General Statutes § 31-275 et seq., does not necessarily excuse a third party tortfeasor seeking indemnification from establishing the breach of an independent legal duty, we cannot say that Sheppard's alleged failure to prove that duty in this instance requires reversal.

Although we recognize that "the Workers' Compensation Act should be broadly construed to accomplish its humanitarian purpose . . . its remedial purpose cannot transcend its statutorily defined jurisdictional boundaries." (Citations omitted; internal quotation marks omitted.) *Kinney* v. *State*, 213 Conn. 54, 58–59, 566 A.2d 670 (1989). For example, the act excludes certain persons from the operative definition of "employee." See General Statutes § 31-275 (9) (B).

Although the relationship between BST and Gianquitti could have potentially given rise to the act's exclusive remedy clause, we cannot say for certain, from the record, that BST falls under the act. Because we do not have before us sufficient evidence to establish that the act applies in this case, we cannot say that Sheppard was required to prove the existence and breach of an independent legal duty.

V

BST next claims that the trial court improperly awarded common-law indemnification against BST

where Sheppard failed to make a timely notice or demand or to provide BST with an opportunity to defend the underlying action. We disagree.

In support of its claim, BST argues that "[t]he facts are undisputed that neither Sheppard nor anyone on Sheppard's behalf gave notice to BST or made demand of BST for indemnification or requested a defense from BST." In its memorandum of decision, however, the trial court noted that "[i]n fact, the court finds that Sheppard brought this third party action on July 16, 1996, claiming that BST was responsible for the plaintiff's claim again[s]t [Gianquitti's] case was not withdrawn until April 30, 1997, a period of time in which BST had ample opportunity to defend or settle the case." After reviewing the record in this case, we find that the trial court did not abuse its discretion in reaching this conclusion.

VI

BST finally claims that the trial court improperly awarded attorney's fees to Sheppard. We disagree.

"The implied contract of indemnity which arises in favor of a person who is exposed to liability on account of the tortious act of another imposes an obligation upon the active wrongdoer to reimburse the indemnitee not only for any damages which he has been obliged to pay but also for reasonable attorney's fees, at least where he has notice of the suit against the indemnitee *and an opportunity to defend.* 42 C.J.S., Indemnity § 24. *Sendroff* v. *Food Mart of Connecticut, Inc.,* 34 Conn. Sup. 624, 626, 381 A.2d 565 (1977)." (Emphasis added; internal quotation marks omitted.) *Seismograph Service (England), Ltd.* v. *Bolt Associates, Inc.,* 8 Conn. App. 446, 453, 513 A.2d 180 (1986).

Specifically, BST argues that the trial court improperly awarded attorney's fees where BST was never given

an opportunity to defend Sheppard in the first party action. The trial court found, however, that from the date Sheppard brought her third party action against BST, July 16, 1996, to the date on which Gianquitti withdrew his complaint against Sheppard, April 30, 1997, "BST had ample opportunity to defend or settle the case." Since the trial court found that BST had ample opportunity to defend the action, it did not improperly award reasonable attorney's fees to Sheppard.

## VII

We next consider Sheppard's cross appeal in which she claims that the trial court improperly failed to award her full indemnity for the attorney's fees and expenses she incurred in defense of the first party action filed by Gianquitti. We disagree.

" 'The implied contract of indemnity . . . imposes an obligation upon the active wrongdoer to reimburse the indemnitee not only for any damages which he has been obliged to pay but also for reasonable attorney's fees . . . .' " *Seismograph Service (England), Ltd.* v. *Bolt Associates, Inc.*, supra, 8 Conn. App. 453. In short, "an indemnitee is entitled to recover from an indemnitor, as part of its damages, attorney's fees, costs and expenses." *24 Leggett Street Ltd. Partnership* v. *Beacon Industries, Inc.*, 239 Conn. 284, 311, 685 A.2d 305 (1996).

Our Supreme Court has said that "[a] trial court may rely on its own general knowledge of the trial itself to supply evidence in support of an award of attorney's fees. *Bizzoco* v. *Chinitz* [193 Conn. 304, 310, 476 A.2d 572 (1984)]. Because the trial court is in a more advantageous position to evaluate the services of counsel than a reviewing court, [t]he amount of attorney's fees to be awarded rests in the sound discretion of the trial court and will not be disturbed on appeal unless the trial court has abused its discretion. *Link* v. *Shelton,* 186 Conn. 623, 629, 443 A.2d 902 (1982)." (Internal quotation

marks omitted.) *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 77–78, 689 A.2d 1097 (1997).

Here, in its memorandum of decision, the trial court noted that "attorney Bruce H. Raymond, who was the only witness regarding the fees, admitted several errors in the affidavit regarding the fees and also that the list of fees was based on hearsay from employees in his office rather than his personal knowledge. Based upon the testimony, the court finds a reasonable fee to be $4000." "It is the function of the court as trier of fact to assess the credibility of witnesses." *State* v. *Guckian*, 27 Conn. App. 225, 239, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993). Having carefully reviewed the record, we cannot conclude that the trial court abused its discretion in arriving at that figure.

The judgment is affirmed.

In this opinion the other judges concurred.