[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff Margaret Sedlak alleges that she sustained personal injuries as a result of an attack by a dog owned by the defendant/third party plaintiff Richard Neville. According to the allegations in her complaint, the plaintiff was walking her dog on a leash in a park in New Canaan, Connecticut. While the plaintiff was in the process of unleashing her dog to place him into the open door of her motor vehicle, the third party plaintiffs unleashed dog aggressively approached and attacked the CT Page 16351 plaintiff and her dog. As the third party plaintiffs dog aggressively approached the plaintiffs leashed dog, the leash on the plaintiffs dog became entangled on the left, master index finger of the plaintiff. The plaintiffs dog responded to the attack by the third party plaintiffs dog and the plaintiffs entangled finger was traumatically amputated by the leash on her dog. The plaintiff alleges that the conduct of the third party plaintiffs dog resulted in a violation of General Statutes §22-357, the "dog-bite statute."[1] The complaint also claims that the plaintiffs injury resulted from the third party plaintiffs negligence or carelessness in a number of ways, including failing to control his dog, failing to keep his dog on a leash, and allowing his dog to roam at large on the land of another while not attending to the dog.
The third party plaintiff filed a third party complaint alleging that he is entitled to indemnification from the third party defendants Petland Discounts, Inc. (Petland), the retailer where the plaintiffs dog leash was allegedly purchased, and Rolf C. Hagen Corp. a/k/a Rolf C. Hagen U.S.A. Corp. (Hagen), the company that allegedly manufactured or distributed the plaintiffs dog leash. The third party plaintiff claims that Hagen and Petland "were in control of the design, manufacture, distribution and sale of the subject leash." Petland has filed a motion to strike the third party complaint against it claiming that Petland was not in exclusive control of the situation, the third party plaintiff was actively negligent, and the negligent conduct alleged by the third party plaintiff differs from the conduct alleged in the plaintiffs complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . [W]hat is necessarily implied in an allegation need not be expressly alleged." (Internal quotation marks omitted.) D'Amico v. Johnson, 53 Conn. App. 855, 859,733 A.2d 869 (1999). However, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its CT Page 16352 legal sufficiency." (Internal quotation marks omitted.) Jacoby v.Brinckerhoff, 250 Conn. 86, 89, 735 A.2d 347 (1999).
"[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. . . ." (Emphasis in original; internal quotation marks omitted.) Crottav. Home Depot, Inc., 249 Conn. 634, 641-42, 732 A.2d 767 (1999). In order to maintain a common law action for indemnity, a plaintiff must allege sufficient facts to establish: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [the third party plaintiffs'], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [the third party plaintiffs]; and (4) that [the third party plaintiffs] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 698, 694 A.2d 788 (1997).
First, Petland contends that the court must strike the third party complaint because the third party defendants were not in exclusive control of the situation to the exclusion of the third party plaintiff. The Connecticut Supreme Court has indicated that "[i]t is plausible to define exclusive control over "the situation' as exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 706. The third party plaintiff has alleged that Hagen and Petland "were in control of the design, manufacture, distribution and sale of the subject leash." "The absence or presence of exclusive control is ordinarily a question of fact."Gianquitti v. Sheppard, 53 Conn. App. 72, 78, 728 A.2d 1133
(1999). "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts alleged in the third party complaint, any reasonable juror could find that the third party defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law."Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 705. Based upon the foregoing allegations, the court is unwilling to conclude as a matter of law that the third party defendants did not have "exclusive control of the situation." See Allard v.Liberty Oil Equipment Co., Superior Court, judicial district of Hartford, Docket No. 562255 (November 5, 1998, Peck, J.) (23 Conn. L. Rptr. 426) (holding that the allegations in the complaint were sufficient to conclude that the manufacturer of an alleged defective product could be in exclusive control of the CT Page 16353 situation). The court concludes that the third party plaintiff adequately alleged that the plaintiffs dog leash was the dangerous instrumentality that actually caused the plaintiffs injury to the plaintiff. Therefore, Petland's motion to strike the complaint on that basis is denied.
Petland also argues that the court must strike the third party complaint because it purports to be based upon active/passive negligence, but the allegations actually sound in active/active negligence. Connecticut courts "have distinguished between "active or primary negligence," and "passive or secondary negligence. . . ." Indemnity shifts the impact of the liability from passive joint tortfeasors to active ones." (Citation omitted.) Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698,535 A.2d 357 (1988). "Where two parties are jointly liable in respect to a tort, one of them for the reason that he is the actual wrongdoer, and the other for the reason that the tort constituted a violation of a positive duty, the latter is entitled to recover from the former the amount which he was compelled to pay as damages for the injury. The rationale of this rule is that the latter party is chargeable merely with "constructive fault' and is consequently not in pari delicto with the former. In this point of view, the applicability of the rule is negatived, wherever it appears that the party seeking indemnity was himself guilty of affirmative misconduct which was a proximate cause of the injury in question." Preferred Accident Ins. Co. of New Yorkv. Musante, Berman and Steinberg Co., 133 Conn. 536, 542,52 A.2d 862 (1947). Arguably, both the third party plaintiff and Petland are guilty of affirmative misconduct. However, "the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact." Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573-74, 452 Conn. 117 (1982). But see Adley v. Connecticut PostLtd. Partnership, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 060913 (January 4, 1999,Corradino, J.) (23 Conn. L. Rptr. 13) (granting a motion for summary judgment on a third party complaint because the court concluded that the third party plaintiffs negligence was active negligence). Based upon the allegations in the complaint and the third party complaint, the court concludes that a reasonable juror could find either Petland or the third party plaintiff primarily responsible for the underlying injury. A reasonable juror could also conclude that the conduct of the third party plaintiff did not constitute "affirmative misconduct." See Kaplanv. Merberg Wrecking Corp. , 152 Conn. 405, 414-15, 207 A.2d 732
CT Page 16354 (1965). Therefore, Petland's motion to strike the third party complaint on that basis is denied.
Petland also contends that the type of tortious conduct alleged by the third party plaintiff differs from the conduct alleged by the plaintiff, and, therefore, the third party plaintiff is not entitled to indemnification. In Kaplan v.Merberg Wrecking Corp. , supra, 152 Conn. 408, the plaintiffs were owners of a building that was to be demolished by the defendant. During the demolition, certain pedestrians sustained personal injuries when struck by a portion of the front wall of the building. Id. The defendants settled all claims with the injured pedestrians. Id. The injured pedestrians sued the plaintiffs for personal injuries and wrongful death due to the plaintiffs' own negligence.[2] Id. The jury found the plaintiffs liable for $22,500 over and above the amount of settlements the injured pedestrians had received.[3] Id. Subsequent to this verdict, the plaintiffs sought indemnity from the defendant. Id. The Connecticut Supreme Court held that the trial court in the indemnity action improperly concluded that the personal independent negligence of the plaintiffs established in the Bonczkiewicz case would prohibit the plaintiffs from seeking indemnification from the defendant. Id., 415. "An indemnitee may be chargeable with personal negligence, independent of any negligence of the indemnitor, and still not be chargeable with active or primary negligence. Personal independent negligence may be passive or secondary negligence. It need not necessarily be active or primary negligence." Id.
The plaintiff in the present case has alleged personal independent negligence against the third party plaintiff. While a court could conclude that his negligence in failing to control his dog, failing to keep his dog on a leash, and allowing his dog to roam at large on the land of another, may have been a proximate cause of the underlying injury, the trier of fact must determine whether this activity was passive or secondary negligence. Kaplan v. Merberg Wrecking Corp. , supra,152 Conn. 415. Based upon Kaplan, it is possible for the trier of fact to conclude that the third party plaintiff is entitled to indemnification because the dog leash may have been the primary cause of the injury. Id. Petland's claim that the third party plaintiffs allegations of negligence must be based upon the same allegations of negligence as those in the plaintiffs complaint lacks authority, and ignores the proposition set forth in Kaplan
that personal independent negligence does not foreclose CT Page 16355 indemnification. Accordingly, Petland's motion to strike the third party complaint is denied.
So Ordered.
D'ANDREA, J.