INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA *v.* DEAN J. WATERFIELD
(AC 27650)

Flynn, C. J., and Bishop and Cretella, Js.

Argued January 11—officially released July 10, 2007

*Dean J. Waterfield*, pro se, the appellant (defendant).

*Gary M. Case*, for the appellee (plaintiff).

### Opinion

CRETELLA, J. The defendant, Dean J. Waterfield, appeals from the judgment of the trial court, rendered in favor of the plaintiff, the Insurance Company of the State of Pennsylvania, after he was defaulted for failure to plead. On appeal, the defendant claims that the court did not have jurisdiction to render judgment, and, therefore, the denial of his motion to open the judgment was improper. We conclude that the court had jurisdiction and properly denied the defendant's motion to open, and, therefore, affirm the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the defendant's appeal. The plaintiff issued an administrator bond in the amount of $35,000 for the defendant in connection with his appointment as administrator for the estate of his deceased wife, Stephanie Dawn Waterfield. On August 15, 2002, the Probate Court for the district of Sterling removed the defendant as administrator of his wife's estate and appointed a successor administrator. On September 13, 2002, the successor administrator made a claim on the bond, alleging that the defendant had absconded with funds belonging to the estate. The plaintiff investigated the claim and determined that the

defendant had in fact stolen at least $35,000 from the estate. The plaintiff, as surety, paid the estate the full face value of the bond. Thereafter, the plaintiff filed a complaint against the defendant to recover losses it had incurred due to the defendant's alleged breach.

The original complaint, filed on November 28, 2003, recited a return date of December 16, 2003. On December 22, 2003, the defendant filed a pro se appearance. On February 17, 2004, the plaintiff filed a motion for default for failure to plead, which was granted on March 1, 2004. On May 7, 2004, the plaintiff filed a revised complaint, which the defendant also failed to file an answer to within the time prescribed by the rules of practice.[1]

Consequently, the plaintiff filed a second motion for default for failure to plead on August 16, 2004. On August 18, 2004, the defendant filed an objection to the motion for default. On August 30, 2004, the court granted the plaintiff's motion for default for failure to plead.

On September 14, 2004, the defendant filed a notice of removal to federal court. On May 25, 2005, the United States District Court for the District of Connecticut, Arterton, J., issued an order granting the plaintiff's motion for attorney's fees, finding that the defendant had "improperly engaged in a tactic of stalling and delay." On June 17, 2005, the case was remanded to the state court. The defendant filed an appeal from the remand order, which was dismissed for failure to prosecute on October 5, 2005.

On July 20, 2005, the plaintiff filed a motion for judgment upon default pursuant to Practice Book § 17-33

---

[1] The defendant, however, filed three motions for extension of time. The first two were filed on March 23 and June 7, 2004, and were not ruled on by the court. The third motion was filed on August 12, 2004, and was denied by the court on August 30, 2004.

(b).[2] Subsequently, on July 25, 2005, the defendant filed an answer. On August 4, 2005, the court granted the plaintiff's motion and rendered judgment in favor of the plaintiff against the defendant in the amount of $62,384.33. The defendant filed no appeal from this judgment.

On December 5, 2005, the defendant filed a motion to open the judgment upon default, pursuant to General Statutes § 52-212,[3] claiming that his answer was timely filed pursuant to General Statutes § 52-121 (a)[4] on the basis of his assertion that the court lacked subject matter jurisdiction. The court denied the defendant's motion to open the judgment on February 2, 2006, on the ground that the defendant failed to comply with the

[2] Practice Book § 17-33 (b) provides in relevant part: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default, notwithstanding Section 17-32 (b), may also render judgment in . . . any contract action where the damages are liquidated, provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority."

[3] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default . . . in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party . . . prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense.

"(b) The . . . written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the . . . defense and shall particularly set forth the reason why the . . . defendant failed to appear."

[4] General Statutes § 52-121 (a) provides in relevant part: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default . . . for failure to plead which has been filed in writing with the clerk of the court in which the action is pending."

procedural requirements of General Statutes § 52-212 and Practice Book § 17-43.[5] Specifically, the court ruled that "the motion was not verified by oath of the named defendant or his attorney." On February 22, 2006, the defendant filed a motion to reargue the motion to open. On April 13, 2006, the court denied the motion to reargue, and notice of the denial issued on April 17, 2006. On May 8, 2006, the defendant appealed from the judgment without a trial, and the motions to stay, to dismiss, to extend time, to set aside the judgment, to open the judgment and to reargue the motion to open. The plaintiff filed a motion to dismiss the appeal as untimely on May 16, 2006. We dismissed all claims directed to the judgment except the portion of the appeal challenging the denial of the motion to open and the denial of the motion to reargue.

As a preliminary matter, we address the defendant's claim that the court lacked subject matter jurisdiction. The defendant urges us to apply plenary review to the court's denial of his motion to open because, he argues, the court did not have jurisdiction.[6] Although we decline to afford plenary review to the denial of the motion to

---

[5] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default . . . may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party . . . prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that . . . the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the . . . defense and shall particularly set forth the reason why the . . . defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion."

[6] We note that the defendant concedes that if our review is not plenary, then he cannot prevail.

open, we will afford plenary review to the defendant's claim that the court lacked jurisdiction. See *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532, 911 A.2d 712 (2006) (review of subject matter jurisdiction claim is plenary).

The defendant specifically argues that the state court does not have jurisdiction when an appeal of a remand order is pending in federal court.[7] Pursuant to the plain language of 28 U.S.C. §§ 1446[8] and 1447,[9] however, the

[7] We note that the appeal was filed from the remand order and the award of attorney's fees. Federal case law has interpreted 28 U.S.C. § 1447 (d) as barring review of a remand due to lack of subject matter jurisdiction. See *Mitskovski* v. *Buffalo & Fort Erie Public Bridge Authority*, 435 F.3d 127, 131 (2d Cir. 2006); *Hamilton* v. *Aetna Life & Casualty Co.*, 5 F.3d 642, 644 (2d Cir. 1993), cert. denied, 510 U.S. 1130, 114 S. Ct. 1100, 127 L. Ed. 2d 413 (1994). Thus, the only issue on appeal in the United States Court of Appeals for the Second Circuit would be the District Court's decision to award attorney's fees due to an improper removal of this case from state court. Furthermore, the defendant's appeal was dismissed for failure to prosecute on October 5, 2005, by the Second Circuit.

[8] Section 1446 of title 28 of the United States Code provides, in relevant part, the procedure for removal: "(a) A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

"(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . .

"(d) Promptly after the filing of such notice of removal of a civil action the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. . . ."

[9] Section 1447 of title 28 of the United States Code provides, in relevant part, the procedure after removal generally: "(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

state court had jurisdiction when it rendered judgment because the case had been remanded. The defendant moved for removal of the action from state court to federal court on September 14, 2004. According to 28 U.S.C. § 1446, compliance with the form and procedure of removal under this statute "stays" any further action in the state court which continues "unless and until the case is remanded." 28 U.S.C. § 1446 (d). Once a motion to remand the case has been granted, which occurred in this case on June 17, 2005, "[t]he state court may thereupon proceed with such case." 28 U.S.C. § 1447 (c). Furthermore, the plain language of 28 U.S.C. § 1447 (d) specifically provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447 (d). Thus, the court had jurisdiction when it granted the plaintiff's motion for judgment upon default and rendered judgment in favor of the plaintiff against the defendant.

Next, we turn to whether the court abused its discretion when it denied the defendant's motion to open. When, as here, the motion to open is filed more than twenty days after the judgment, "the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31

section 1446 (a) [civil rights cases]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

"(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise. . . ."

Conn. App. 634, 640, 626 A.2d 804 (1993).[10] "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Terracino* v. *Fairway Asset Management, Inc.*, 75 Conn. App. 63, 73, 815 A.2d 157, cert. denied, 263 Conn. 920, 822 A.2d 245 (2003).

The defendant argues that the court improperly refused to open the judgment. Specifically, the defendant argues that the court failed to follow General Statutes §§ 52-120 and 52-121 (a) and (c). We are not persuaded.

Section 52-120, which requires a written agreement, is inapplicable because no such agreement exists. The defendant argues that the federal scheduling order was the written agreement. He neither cites, nor does our research reveal, however, any legal support for his argument. Likewise, § 52-121 (c)[11] is not applicable in this case because the court did not impose a penalty on the defendant for failure to plead but, rather, rendered judgment of default for failure to plead pursuant to

---

[10] We note that here, the defendant filed the motion to open more than twenty days after the judgment. The court ruled on that motion on February 2, 2006, and the defendant timely filed a motion to reargue the motion to open on February 22, 2006. A motion to reargue a motion to open does not extend the appeal period to challenge the merits of the underlying judgment. The filing of a motion to reargue within the time to appeal the denial of the motion to open does, however, give rise to a new appeal period within which to challenge the ruling on the motion to open. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 652 A.2d 1063 (1995); see also Practice Book § 63-1 (c) (1). The court ruled on the motion to reargue on April 13, 2006, and the appeal was filed on May 8, 2006. Thus, the appeal is timely as to the motion to open.

[11] General Statutes § 52-121 (c) provides: "No penalty for failure to plead within the time provided by any rule relating to the filing of any pleading may be imposed upon any party to any action unless the failure is a violation of an order or judgment made by the court after notice and hearing thereon."

General Statutes § 52-121 (b).[12] Finally, § 52-121 (a) does not result in an automatic grant of a motion to open, as the defendant claims; rather, the granting of a motion to open is within the court's discretion. The defendant had ample time to respond to the amended complaint, which was filed on May 7, 2004. Furthermore, the fact that the defendant filed a third motion for an extension of time is irrelevant to the court's denial of the defendant's motion to open. In this case, on the basis of the detailed time line, which reveals that the defendant's dilatory tactics permeate this litigation, the court was well within its discretion to handle the situation as it did. See *Gianquitti* v. *Sheppard,* 53 Conn. App. 72, 76, 728 A.2d 1133 (1999) (court has inherent authority to control proceedings before it to ensure no prejudice or inordinate delay).

The court denied the motion to open because it was not verified by the oath of the defendant or his attorney, which is required by General Statutes § 52-212 and Practice Book § 17-43. Connecticut courts have frequently refused to open judgments because of a failure to comply with the statute or rules of practice. We have previously held that, when a defendant fails to comply with the provisions of General Statutes § 52-212 and Practice Book § 17-43, the trial court properly may refuse to grant the defendant's motion to open the judgment of default. See *Rocklen's Auto Parts & Service, Inc.* v. *Rakiec,* 6 Conn. App. 504, 506 A.2d 168 (1986).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] General Statutes § 52-121 (b) provides: "No judgment of nonsuit or default, in any case in which appearance has been entered by the defendant, may be entered by the clerk of any court for failure to plead within the time fixed by statute, or by any rule of any court, until an order for it has been passed by the court after reasonable notice to the opposing counsel and hearing thereon."