## NOIE RICHARDS, JR. *v.* WILLIAM TRUDEAU, SR., ET AL.
### (AC 16382)

Foti, Schaller and Spear, Js.

Argued June 3—officially released September 14, 1999

*Edward N. Lerner*, for the appellants (named defendant et al.).

*Donald A. Mitchell*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendants, William Trudeau, Sr., Brett Trudeau and William Trudeau, Jr.,[1] appeal from a default judgment rendered by the trial court in favor of the plaintiff, Noie Richards, Jr. On appeal, the defendants claim that the trial court improperly (1) refused to accept their answer and to set aside the default judgment, (2) rendered judgment against the defendants without providing them with adequate notice and (3) relied on the previous rulings of another judge as the law of the case. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In 1994, the plaintiff commenced a foreclosure action against the defendants. The return date on the plaintiff's complaint was August 23, 1994. On February 8, 1995, the plaintiff served and filed a demand for disclosure of defenses pursuant to Practice Book § 13-19. On that same date, the plaintiff also moved for the entry of a default against the defendants for failure to plead. That motion was denied on March 1, 1995.

---

[1] Additional defendants named in the plaintiff's complaint are not parties to this appeal. They include Andrew Theodorakis, Wesson, Inc., Country Lumber, Inc., People's Bank, the state of Connecticut and the United States of America. We refer in this opinion to William Trudeau, Sr., Brett Trudeau and William Trudeau, Jr., as the defendants.

On March 13, 1995, the defendants filed a motion to extend the time in which they had to file a responsive pleading to April 11, 1995. The defendants, however, failed to file a responsive pleading and, on June 13, 1995, the plaintiff again filed a motion for default based on the defendants' failure to plead pursuant to Practice Book § 128, now § 10-18.[2] On June 21, 1995, the plaintiff's motion for default was granted. On April 8, 1996, the plaintiff claimed the matter for the hearing in damages list and served a copy of the claim on the defendants. A printed hearing in damages list was issued advising the parties that the matter would be heard on May 17, 1996.

On the morning of the hearing, May 17, 1996, the defendants attempted to file an answer and argued that the default should be opened as a matter of right pursuant to Practice Book § 363A, now § 17-32.[3] The trial court, *Hon. T. Clark Hull*, judge trial referee, refused, however, to accept the answer for filing, but did have it marked as an exhibit. The defendants also argued that the matter had been improperly claimed to the hearing in damages list and that the matter should go off and be reclaimed to the short calendar list. After hearing arguments, the trial court ruled that the matter could proceed on the hearing in damages list. Thereafter, the trial court took evidence as to the debt and the value of the property but, because of issues relating

[2] Practice Book § 10-18 provides: "Parties failing to plead according to the rules and orders of the judicial authority may be nonsuited or defaulted, as the case may be."

[3] Practice Book § 17-32 (b) provides: "If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection."

to a lien by the United States government, the matter was continued.

The matter was again taken up on July 12, 1996, by the court, *Stodolink, J.* The defendants argued that Judge Hull had improperly failed to accept their answer, which was offered on the morning of the first hearing in damages, and, thus, had improperly failed to open the default against them. The defendants also renewed their argument that the foreclosure matter had been, and was still being, improperly heard on the hearing in damages list.

Judge Stodolink determined that the defendants had notice that the matter had been claimed to the hearing in damages list and had done nothing to correct what they perceived to be an improper assignment of the matter to that list. He also determined that the defendants had sufficient opportunity to prepare for the hearing. On the basis of those facts, and in light of Judge Hull's prior determination that a foreclosure matter could properly be considered on a hearing in damages list, Judge Stodolink proceeded to resolve the remaining issues of the foreclosure and rendered judgment of foreclosure by sale. This appeal followed.

I

The defendants first claim that the trial court improperly refused to accept their answer and to set aside the default entered against them. We disagree.

Practice Book § 17-32 (b) provides in relevant part that "[i]f a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. . . ." That is the appropriate procedure to be followed

by a defendant who seeks to file an answer and to open a default after a claim to the hearing in damages list. *Whalen* v. *Ives*, 37 Conn. App. 7, 13, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995).

Because the plaintiff had claimed the matter to the hearing in damages list on April 8, 1996, the default in this case could "be set aside only by the judicial authority." Practice Book § 17-32. "In the past this court has reviewed a trial court ruling on a motion to set aside a default for failure to plead pursuant to § 363A [now § 17-32] under the abuse of discretion standard. *Tolland Bank* v. *Larson*, 28 Conn. App. 332, 610 A.2d 720 (1992)." *Rogozinski* v. *American Food Service Equipment Corp.*, 34 Conn. App. 732, 740, 643 A.2d 300, cert. denied, 231 Conn. 910, 648 A.2d 156 (1994); see also *Whalen* v. *Ives*, supra, 37 Conn. App. 13 n.11 (Practice Book § 363A, now § 17-32, requires resort to court's discretion if claim for hearing in damages is filed before answer).

An examination of the transcript of the hearing in damages, held on May 17, 1996, discloses that the defendants offered an answer to the trial court, which they were attempting to file that morning. The trial court ruled, however, that it would not permit the defendants to file the answer at that time. It noted that it had been almost one year since the default had been entered against them and ruled that to permit the filing of the answer, the result of which would have been to set aside the default under Practice Book § 17-32, would have been "highly improper." The trial court found that the attempted filing of the defendants' answer at that time was "a patent attempt to stall unfairly and unreasonably a matter that has already been defaulted." Our review of the record reveals that the trial court did not abuse its discretion in refusing to accept the defendants' answer or in refusing to set aside the default judgment for failure to plead.

## II

The defendants next claim that the trial court improperly rendered the judgment of foreclosure. Specifically, the defendants claim that they did not realize that the foreclosure action would go forward at the hearing in damages and, therefore, lacked proper notice. We disagree.

As explained previously, on April 8, 1996, following the granting of the plaintiff's motion for default, the plaintiff claimed the matter for the hearing in damages list. A printed hearing in damages list was issued advising the parties that the matter would be heard on May 17, 1996. On the morning of May 17, 1996, after hearing arguments from the parties, the trial court ruled that the matter could proceed on the hearing in damages list.

The defendants argue that allowing the case to proceed on the hearing in damages list was improper because they did not have sufficient notice that it would go forward. It is clear from the record, however, that the defendants did receive notice that the case was going forward, albeit on the hearings in damages list. In addition, an attorney for the defendants did, in fact, attend the hearing. Further, at no time prior to the hearing in damages did the defendants take any action to correct what they perceived to be an improper listing of the case on the hearing in damages list.

The defendants cite Practice Book § 526, now § 23-16, in support of their argument that since no motion for judgment was filed and since they received no appraisal report prior to the hearing in damages, they were without sufficient notice that the case would proceed to judgment. Under Practice Book § 23-16, "[a]t the time the plaintiff files a motion for judgment of foreclosure, the plaintiff shall serve on each appearing defendant . . . a copy of the appraisal report of the property being foreclosed. . . ." An examination of the record reveals,

however, that while the defendants did not receive a copy of the appraisal report prior to the first hearing in damages, they did receive a copy prior to the second hearing, at which the final judgment was rendered.[4]

Any prejudice the defendants claim to have suffered by not having received those documents prior to the first hearing, in accordance with Practice Book § 23-16, was cured when the defendants received the documents at the hearing itself. This is not a case where only one hearing was held, thereby possibly depriving the defendants of the opportunity adequately to review and, if necessary, challenge the appraisal report. In fact, at oral argument before this court, the defendants conceded that the value of the property was not contested and that their failure to receive a copy of the appraisal report did not diminish their ability to challenge its contents. They argue only that their failure to receive this document deprived them of notice.

Nevertheless, because two separate hearings were held prior to the rendering of final judgment, we cannot find that the defendants were prejudiced by what they perceived to be an improper listing of the case on the hearing in damages list or by their failure to receive the appraisal report prior to the first hearing. Any initial lack of notice that existed in this case was cured by the second hearing, at which the defendants possessed the appraisal report as well as the affidavits of debt. Based on the nature of the first hearing, in which several of the issues pertaining to the foreclosure were decided by the trial court, the defendants should have been fully aware that the foreclosure action would proceed to judgment at the time of the second hearing.

### III

The defendants finally claim that Judge Stodolink improperly relied on Judge Hull's previous rulings as

---

[4] It was at the first hearing itself that the defendants received a copy of the appraisal report, as well as affidavits of debt.

the law of the case and that those rulings were improper. We disagree.

The defendants do not specify to which of Judge Hull's rulings they are referring. It appears from our reading of the defendants' brief, however, that they are challenging the propriety of Judge Stodolink's reliance on Judge Hull's refusal to accept the defendants' answer and Judge Hull's decision initially to proceed with the foreclosure matter at the hearing in damages, the two claims raised earlier in the defendants' brief.

Under the law of the case doctrine, "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." (Internal quotation marks omitted.) *Miller* v. *Kirshner*, 225 Conn. 185, 192, 621 A.2d 1326 (1993). Nevertheless, because we have found that Judge Hull's rulings were proper, it follows that Judge Stodolink's reliance on those rulings also was proper. We must, therefore, reject the defendants' final claim.

The judgment is affirmed.

In this opinion the other judges concurred.