[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs commenced this action by complaint dated June 1, 1999 with a return day of July 13, 1999. Plaintiffs allege they are residents of the Bay Colony Mobile Home Park located at 301-30 Main Street in Newtown. The defendants are alleged to be the owners (Ralph and Stephanie Sorley, hereinafter collectively referred to as Sorley) and park manager (David Bunnell, hereinafter referred to as Bunnell) of said park. Plaintiffs claim that defendants have engaged in a course of conduct that has breached their right to peaceful enjoyment of their tenancy CT Page 4711 Plaintiff's further claim intentional and negligent infliction of emotional distress as well as violations of the Connecticut Unfair Trade Practices Act.
Appearances were filed for defendant Bunnell, on June 24, 1999, and for defendants Sorley, on July 12, 1999.
The complaint was filed in the Bridgeport Judicial District, Housing Session, which prompted a motion to dismiss or transfer by defendants Sorley, claiming improper venue. That court (Cocco, J.) ordered the case transferred to the Judicial District of Danbury for full disposition.
On November 26, 1999, plaintiffs filed a motion for default against all defendants as a result of their failure to file a responsive pleading to plaintiffs' complaint (motions dated November 24, 1999). On December 2, 1999, Bunnell filed a request to revise the plaintiffs' complaint (dated December 1, 1999).[1](It should be noted that defendants Sorley filed an answer and special defenses on December 3, 1999, dated December 2, 1999.)
On January 27, 1999, defendant Bunnell filed a motion for default requesting the court to enter defaults against the plaintiffs as a result of their failure to file a responsive pleading to the December 1, 1999 request to revise. That motion was granted by the court on February 1, 2000 as the plaintiffs filed no objection to said request to revise within thirty days, as provided in Connecticut Practice Book § 10-37(a).[2]
Notice of said default was forwarded to the parties on February 2, 2000.
The plaintiffs then filed an objection to motion for default on February 2, 2000 (dated January 29, 2000), alleging that since plaintiffs' motion for default for failure to plead was filed
prior to the filing of defendant's request to revise, the only pleading defendant could have filed was an answer to the complaint.
The court then scheduled a hearing to provide plaintiffs with an opportunity to argue their motion, which the court heard on February 22, 2000.[3] The defendant Bunnell offered that he was mainly interested in securing a revision of the complaint in accordance with his request to revise. The plaintiffs were adamant, however, that they had no obligation to revise their complaint as the filing of their motion for default was before CT Page 4712 the filing of the request to revise.
The issue presented to this court is whether a motion for default for failure to plead is effective upon filing or effective upon action, either by a clerk or a judge.
The plaintiffs have failed to provide the court with any authority for its position that filing of a motion for default equates to the granting of a motion for default, or that a motion for default is effective upon filing.
Practice Book § 17-32 states in relevant part, "[w]here a defendant is in default for failure to plead pursuant to Section10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar." (Emphasis added.) Practice Book § 17-32
(a). The rule does not state that the motion is valid upon filing, but instead requires action by the clerk upon filing.
In New Milford Savings Bank v. Jajer, 52 Conn. App. 69, 84,726 A.2d 604 (1999), the court stated, "the plaintiff filed a motion for default for failure to plead and the clerk granted the motion." There, clerical action served to grant the motion for default and was not merely a passive filing of the motion. Similarly, in Foreman v. New Haven, Superior Court, judicial district of New Haven, Docket No. 370187 (November 25, 1998,Levin, J.) (23 Conn.L.Rptr. 486), the motion for default was "granted by an assistant clerk of the court that same day." Additionally, the court in Seigel Realty Inc. v. Ellis, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061155, (November 5, 1998, Curran, S.T.R.) (23 Conn.L.Rptr. 254), specifically stated that the motion for default for failure to plead "was granted by the clerk pursuant to Practice Book § 363A, now Practice Book (1998 Rev.) § 17-32," in contrast to the motion for default for failure to disclose a defense, which was granted by the court. There, both motions required granting of the motion and not merely filing of the motion.
A search of Connecticut case law has failed to reveal any case in which filing alone served to grant the motion for default. As in Richards v. Trudeau, 54 Conn. App. 859, 861 (1999), the courts separate the act of filing the motion for default from the act of granting the motion for default. "[O]n June 13, 1995, the plaintiff again filed a motion for default based on the defendants' failure to plead pursuant to Practice Book § 128, CT Page 4713 now § 10-18. . . . On June 21, 1995, the plaintiffs motion for default was granted." Id.
Plaintiffs' reliance on the cases cited in their brief is misplaced. Whalen v. Ives, 37 Conn. App. 7, 12 (1995) does provide that the clerk is allowed "to enter the default for failure to plead without placing the motion for such default on short calendar," but that finding does not further the position of plaintiffs. In fact, this decision is consistent with the other cases cited that draw a distinction between filing a motion and acting upon it.
The flaw in plaintiffs' argument is that their motion for default was not acted upon prior to the defendant's filing of his request to revise. As such, plaintiffs' motion was not granted prior to the filing of the request to revise. The request to revise was therefore a permissible pleading.
The plaintiffs chose to not respond to defendant's request to revise. They could have answered it or objected to all or part of it. The plaintiffs were put on notice by defendant Bunnell's motion for default dated January 25, 2000 that their decision in this regard could be fatal to the action filed against him. Defendant certified notice to plaintiffs on the face of the motion, and the parties appeared at short calendar to argue their positions.[4]
For the above reasons, the decision of the court to grant defendant Bunnell "s motion for default will not be modified; plaintiffs' objection to the granting of said motion is overruled; and the plaintiffs are defaulted as to the defendant Bunnell.
Robert T. Resha, Judge