## STATE OF CONNECTICUT *v.* RICHARD KENNISON
## (AC 20517)

Foti, Spear and Peters, Js.

Argued December 11, 2000—officially released March 6, 2001

*Neal Cone,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's

attorney, and *Dennis J. O'Connor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Richard Kennison, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a),[1] felony murder in violation of General Statutes § 53a-54c,[2] burglary in the first degree in violation of General Statutes § 53a-101 (a) (2)[3] and larceny in the

[1] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[2] General Statutes § 53a-54c provides: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, aggravated sexual assault in the first degree, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (1) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (2) was not armed with a deadly weapon, or any dangerous instrument; and (3) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (4) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[3] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . (2) in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

sixth degree in violation of General Statutes § 53a-125b.[4] The court merged count two with count one and sentenced the defendant to a total effective term of eighty years and three months. On appeal, the defendant claims that the court improperly (1) instructed the jury with regard to the statutory defense of mental disease and (2) denied his motion for a diagnostic examination under General Statutes § 17a-566. We affirm the judgment of the court.

The jury reasonably could have found the following facts. The defendant admitted at trial that on October 31, 1996, he killed the victim, a seventy-nine year old woman who stood four feet, eleven inches tall and weighed 108 pounds. The defendant committed this crime in an especially brutal manner. The victim suffered fractures to her skull, nose, upper jawbone and breast bone. She also sustained three fractured ribs and numerous cuts, bruises and lacerations to her face and head. The defendant also cut the victim's throat and manually strangled her. The defendant stabbed her three times on her neck near the collarbone and stabbed her three more times in her abdomen. Ten closely spaced stab wounds, which ranged from about 3.5 to 5.5 inches in depth, pierced her chest. Many of these injuries were caused by the insertion of the knife into the victim's body to the full length of its blade. The defendant also punctured the victim's lungs, her heart, the pulmonary artery and the aorta. The victim's son discovered her body in this condition.[5]

---

[4] General Statutes § 53a-125b (a) provides: "A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

The jury found the defendant not guilty of one count of robbery in the first degree in violation of General Statutes §§ 53a-113 and 53a-134 (a) (3).

[5] The defense conceded that the defendant killed the victim, and the defendant does not challenge the abundant evidence of his guilt in this appeal. We decline, therefore, to set forth further facts about this crime except to note that the evidence overwhelmingly established the defendant's guilt.

## I

The defendant claims that the court improperly instructed the jury on the statutory defense of mental disease or defect under General Statutes § 53a-13 (b). His claim involves two separate aspects of the statute: Voluntariness and proximate cause. We will discuss separately each aspect of the defense. The defendant concedes that he did not properly preserve these claims at trial and seeks review of these claims under the plain error doctrine as set forth in Practice Book § 60-5.[6]

## A

The defendant first claims that the court inadequately or otherwise improperly instructed the jury on his affirmative defense of mental disease or defect because the court failed to instruct the jury in accordance with the statute regarding the "voluntary" ingestion of alcohol.[7] We disagree.

"Generally, where a claimed error of a nonconstitutional nature is not brought to the attention of the trial court, appellate review of that claim is available only if it constitutes plain error. . . . To prevail under the plain error doctrine, the defendant must demonstrate that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in

---

[6] Practice Book § 60-5 provides in relevant part: "The [appellate] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[7] The defendant conceded during oral argument to this court that the trial court, when instructing the jury as to General Statutes § 53a-13, had instructed the jury as to the voluntary ingestion of intoxicating liquor for purposes of the statute. The defendant corrected his earlier claim that the court committed plain error because the court "made absolutely no mention in its instructions to the jury" of the voluntariness requirement. The defendant also incorrectly claimed that the prosecutor mentioned this requirement only "once" in his closing argument; in fact, he referred twice to the requirement that the ingestion of alcohol be voluntary during his argument.

manifest injustice. . . . This doctrine is not implicated and review of the claimed error is not undertaken unless the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Furthermore, even if the error is so apparent and review is afforded, the defendant cannot prevail on the basis of an error that lacks constitutional dimension unless he demonstrates that it likely affected the result of the trial." (Internal quotation marks omitted.) *State* v. *Bradley*, 60 Conn. App. 534, 546 A.2d 520, cert. denied, 255 Conn. 921, 763 A.2d 1042 (2000).

The court applied the appropriate statute and accurately read the relevant portions of the statute to the jury.[8] Under these circumstances, the court could not have misled the jury so as to have caused a manifest injustice to the defendant. The defendant, therefore, is not entitled to plain error review of this claim.

B

The defendant also claims that the court inadequately or otherwise improperly instructed the jury as to his defense of mental disease or defect because the court failed to define the term "proximate cause."[9] We disagree.

---

[8] The court read the relevant portions of the statute, General Statutes § 53a-13, which provides: "(a) In any prosecution for an offense, it shall be an affirmative defense that the defendant, at the time he committed the proscribed act or acts, lacked substantial capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law.

"(b) It shall not be a defense under this section if such mental disease or defect was proximately caused by the voluntary ingestion, inhalation or injection of intoxicating liquor or any drug or substance, or any combination thereof, unless such drug was prescribed for the defendant by a prescribing practitioner, as defined in subdivision (22) of section 20-571, and was used in accordance with the directions of such prescription.

"(c) As used in this section, the terms mental disease or defect do not include (1) an abnormality manifested only by repeated criminal or otherwise antisocial conduct or (2) pathological or compulsive gambling."

[9] The court instructed the jury as to proximate cause as follows: "An act is the proximate cause of death when it substantially and materially

While we agree that plain error may not be harmless, we conclude that any instructional error in failing to define proximate cause as it related to § 53a-13 (b) did not constitute a manifest injustice to the defendant so as to impair the effectiveness or integrity of his trial. See *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985). The defendant's claim, therefore, does not rise to the level of plain error.

## II

The defendant next contends that the court improperly denied his motion for a diagnostic examination under § 17a-566.[10] We disagree.

contributes in a natural and continuous sequence unbroken by an intervening gap or cause to the resulting death. It is the cause without which the death would not have occurred, and it is the predominating cause, the substantial factor from which death followed as a natural, direct and immediate consequence."

[10] General Statutes § 17a-566 (a) provides: "Except as provided in section 17a-574 any court prior to sentencing a person convicted of an offense for which the penalty may be imprisonment in the Connecticut Correctional Institution at Somers, or of a sex offense involving (1) physical force or violence, (2) disparity of age between an adult and a minor or (3) a sexual act of a compulsive or repetitive nature, may if it appears to the court that such person has psychiatric disabilities and is dangerous to himself or others, upon its own motion or upon request of any of the persons enumerated in subsection (b) of this section and a subsequent finding that such request is justified, order the commissioner to conduct an examination of the convicted defendant by qualified personnel of the division. Upon completion of such examination the examiner shall report in writing to the court. Such report shall indicate whether the convicted defendant should be committed to the diagnostic unit of the division for additional examination or should be sentenced in accordance with the conviction. Such examination shall be conducted and the report made to the court not later than fifteen days after the order for the examination. Such examination may be conducted at a correctional facility if the defendant is confined or it may be conducted on an outpatient basis at the division or other appropriate location. If the report recommends additional examination at the diagnostic unit, the court may, after a hearing, order the convicted defendant committed to the diagnostic unit of the division for a period not to exceed sixty days, except as provided in section 17a-567 provided the hearing may be waived by the defendant. Such commitment shall not be effective until the director certifies to the court that space is available at the diagnostic unit. While confined in said diagnostic unit, the defendant shall be given a complete physical and psychi-

On the day of sentencing, the defendant made an oral motion for a diagnostic examination under the statute and the state objected. The court asked the parties to comment on whether the court needs to conduct further examination under the statute where adequate psychiatric documentation of the defendant's mental condition has been presented. Defense counsel stated that, if the court believed it had adequate information concerning the defendant's mental condition, then "I think it may well be an appropriate exercise of the court's discretion to deny such motion."

"A court may order a psychiatric evaluation of a defendant only if it appears to the court that such person has a psychiatric disability and is a danger to himself or others. General Statutes § 17a-566. The trial court, acting on a motion pursuant to General Statutes § 17a-566, may rely on evidence such as psychiatric reports, the defendant's personal history and background, as well as the defendant's testimony and demeanor at trial. See *State* v. *Chance*, 236 Conn. 31, 62, 671 A.2d 323 (1996). It is within the discretion of the trial court to grant or deny such a motion. *State* v. *DeAngelis*, 200 Conn. 224, 241, 511 A.2d 310 (1986).

"'The purpose of an examination under [§ 17a-566] is not to determine competency to be sentenced. That section presumes that a convicted defendant will be sentenced. The purpose of an examination under [§ 17a-566] is to allow the commissioner of mental health to make recommendations as to certain offenders concerning the sentence to be imposed and the place of confinement.' Id., 238–40. Nevertheless, '[w]here the court has adequate psychiatric documentation of the defendant's mental condition, there is no need for it

_____

atric examination by the staff of the unit and may receive medication and treatment without his consent. The director shall have authority to procure all court records, institutional records and probation or other reports which provide information about the defendant."

to utilize the statutory provisions concerning further examinations. . . . The presence of some degree of mental illness does not prevent or avoid the imposition of sentence by the court nor does it necessarily require that the court 'blindly and automatically implement the statutory machinery' providing for psychiatric examinations.' (Citation omitted.) *State* v. *Gates*, 198 Conn. 397, 405, 503 A.2d 163 (1986)." *State* v. *Maldonado*, 51 Conn. App. 702, 706–707, 725 A.2d 962, cert. denied, 249 Conn. 904, 733 A.2d 224 (1999).

The court did not issue a memorandum of decision when it denied the defendant's motion for a presentence psychiatric examination. The court concluded, in the unsigned trial transcript, that "[w]eighing all of the factors here as stated by both counsel and having heard the trial [evidence], this court exercises its discretion and denies the motion."[11] The defendant has failed to demonstrate that the court abused its discretion in denying his motion. See *State* v. *Maldonado*, supra, 51 Conn. App. 710.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] The record does not disclose that the defendant moved for an articulation of the court's decision. See Practice Book § 66-5.