# JAY LEWIN *v.* FREEDOM OF INFORMATION COMMISSION
## (AC 25867)

Lavery, C. J., and Dranginis and Harper, Js.

Argued May 26—officially released September 20, 2005

*William J. Wellman*, for the appellant (plaintiff).

*Victor R. Perpetua*, appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (defendant).

### Opinion

HARPER, J. The plaintiff, Jay Lewin, appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant freedom of information commission, which denied his request for records from the New Milford ethics commission (ethics commission) regarding a probable cause investigation. The plaintiff claims that the court improperly determined that the defendant did not abuse its discretion in concluding that the requested records were exempt from disclosure under General Statutes § 1-210 (b) (1).[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's appeal. On August 20, 2001, the plaintiff filed a complaint with the ethics commission, claiming that David N. Hubbard, the town's director of economic development at that time, was self-dealing and using inside information for personal gain. The ethics commission conducted an investigation and found probable cause that Hubbard may have violated a provision of the town's code of ethics. The ethics

---

[1] General Statutes § 1-210 (b) provides in relevant part that "[n]othing in the Freedom of Information Act shall be construed to require the disclosure of . . . (1) Preliminary drafts or notes provided the public agency has determined that the public interest in withholding such documents clearly outweighs the public interest in disclosure . . . ."

commission then informed the plaintiff, by letter, that there had been a probable cause finding and that the matter had been settled. The plaintiff subsequently requested the record and file relating to the Hubbard investigation from the acting chairman of the ethics commission. The ethics commission denied the plaintiff's request.

The plaintiff then filed a complaint with the defendant on December 3, 2001, requesting that it order the ethics commission to release to the public "the entire record and file in the Hubbard matter, including, but not limited to, any notes, memoranda, transcripts or responses to subpoenas." On January 18, 2002, the ethics commission met to determine which documents, if any, to release in response to the plaintiff's complaint. The ethics commission voted to release its record of proceedings but concluded that notes taken by the ethics commission members during executive session should not be disclosed because the public interest in withholding those notes outweighed the public interest in disclosing them.

The plaintiff continued to challenge the ethics commission's refusal to release the entire file on the Hubbard matter. In particular, the plaintiff sought access to certain notes that the acting chairman of the ethics commission had taken in anticipation of a possible evidentiary hearing. The handwritten notes, which were taken during probable cause investigation meetings and a telephone conversation, contained the acting chairman's summary of witness testimony, his impressions of the credibility of witnesses and his theories of the case.

The defendant conducted a hearing on April 19, 2002, to determine whether the ethics commission properly had determined that the notes were exempt from disclosure. In its final decision, the defendant found that the

notes at issue were public records within the meaning of General Statutes § 1-200 (5). Nonetheless, the defendant concluded that the ethics commission had not violated General Statutes § 1-210 (a), which requires disclosure of all public records, because the records were exempt from disclosure under § 1-210 (b) (1). The defendant reasoned, in accordance with that subsection, that disclosure was not required because the records were preliminary drafts or notes, and the ethics commission had determined that the public interest in withholding the records clearly outweighed the public interest in their disclosure.

The plaintiff appealed to the court from the defendant's decision. By agreement of the parties, the court remanded the matter to the defendant to determine "(1) . . . if, on the existing record, there were any reasons indicated by [the ethics commission] for its determination that the public interest in withholding the acting chairman's notes clearly outweighed the public interest in disclosure, and (2) [whether] those reasons, if any, were not frivolous or patently unfounded." (Internal quotation marks omitted.) In its decision on remand, the defendant referred to a statement made by the acting chairman at the April 19, 2002 hearing regarding the reasons for nondisclosure. The acting chairman had expressed his concern that members of the ethics commission would cease to take personal notes during probable cause investigations if those notes were later subject to disclosure. Such a result, the acting chairman stated, would decrease the ethics commission's effectiveness in public hearings on complex ethical violations like the one at issue. The defendant concluded that the ethics commission's reasons for withholding the notes were not frivolous or patently unfounded.

The plaintiff appealed to the court from the defendant's decision. The court dismissed the appeal, holding that the defendant was not required independently and

objectively to balance the public interest in disclosing the notes at issue because there was no evidence of bad faith or an abuse of discretion by the ethics commission. On appeal to this court, the plaintiff claims that the acting chairman's notes do not satisfy the requirements for exemption under § 1-210 (b) (1).[2] We disagree.

We note initially that our review of an administrative agency's action is controlled by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. "The scope of review is very restricted. Neither this court nor the trial court may retry the case or substitute its judgment for that of the commission. Even as to questions of law, the court's ultimate duty is to decide only whether, in light of the evidence, the agency acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and reasonably and logically could follow from those facts." *Wiese* v. *Freedom of Information Commission*, 82 Conn. App. 604, 608–609, 847 A.2d 1004 (2004). Because the issues presented here relate to the application of § 1-210 (b) (1) to the facts of this case, the applicable standard of review is whether the commission abused its discretion. *Coalition to Save Horsebarn Hill* v. *Freedom of Information Commission*, 73 Conn. App. 89, 93, 806 A.2d 1130 (2002), cert. denied, 262 Conn. 932, 815 A.2d 132 (2003).

---

[2] The plaintiff also challenges the withholding of the personal notes under General Statutes § 1-82a (e), but that claim was not argued before either the commission or the trial court. "It is well settled that the trial court can be expected to rule only on those matters that are put before it. . . . With only a few exceptions . . . we will not decide an appeal on an issue that was not raised before the trial court. . . . To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Merritt* v. *Fagan*, 78 Conn. App. 590, 600–601, 828 A.2d 685, cert. denied, 266 Conn. 916, 833 A.2d 467 (2003).

As our Supreme Court recently stated, the Freedom of Information Act (act); General Statutes § 1-200 et seq.; "makes disclosure of public records the statutory norm. . . . [I]t is well established that the general rule under the [act] is disclosure, and any exception to that rule will be narrowly construed in light of the general policy of openness expressed in the [act]. . . . [Thus] [t]he burden of proving the applicability of an exception [to disclosure under the act] rests upon the party claiming it." (Citation omitted; internal quotation marks omitted.) *Director, Dept. of Information Technology* v. *Freedom of Information Commission*, 274 Conn. 179, 187, 874 A.2d 785 (2005).

To sustain that burden, a party claiming that records are exempt from disclosure under § 1-210 (b) (1) must prove, first, that the records are preliminary drafts or notes and, second, that the public interest in withholding the documents clearly outweighs the public interest in disclosure. The parties do not dispute that the notes taken by the acting chairman are preliminary notes. Rather, the plaintiff challenges only the defendant's conclusion that the ethics commission satisfied its burden under § 1-210 (b) (1) by finding that the public interest in withholding the notes at issue outweighed the public interest in disclosing them.

The responsibility for balancing those public interests rests specifically with the public agency involved. *Van Norstrand* v. *Freedom of Information Commission*, 211 Conn. 339, 345, 559 A.2d 200 (1989). However, "the statute's language strongly suggests that the agency may not abuse its discretion in making the decision to withhold disclosure. The agency must, therefore, indicate the reasons for its determination to withhold disclosure and those reasons must not be frivolous or patently unfounded." (Internal quotation marks omitted.) Id.

Here, the acting chairman testified at the hearing before the defendant that the decision to withhold from

disclosure those notes that he took during the probable cause investigation was based on a concern that, if personal notes of that nature were subject to public disclosure, members of the ethics commission no longer would take any notes during probable cause investigations. The acting chairman further testified that the inability to take notes during probable cause investigations of complex ethical violations would make the work of the ethics commission more difficult. In its final decision, after remand from the court, the defendant concluded that the acting chairman's testimony adequately reflected the balancing of the public interests as required by § 1-210 (b) (1) and that the reasons set forth for withholding disclosure were not frivolous or patently unfounded. Our review of the ethics commission's rationale for withholding disclosure of the acting chairman's notes persuades us that the defendant did not abuse its discretion in finding that the notes were exempt from disclosure under § 1-210 (b) (1).

The plaintiff further challenges the defendant's conclusion on the ground that the ethics commission did not articulate the basis for withholding the notes from disclosure at the time that the plaintiff initially requested them. We note that § 1-210 (b) (1) merely requires, for an exemption to apply, that "the public agency *has determined* that the public interest in withholding [preliminary drafts or notes] clearly outweighs the public interest in disclosure . . . ." (Emphasis added.) "It is a principle of statutory construction that a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . merely because it appears that good reasons exist for adding them. . . . The intent of the legislature . . . is to be found not in what the legislature meant to say, but in the meaning of what it did say." (Citations omitted; internal quotation marks omitted.) *Leo Fedus & Sons*

*Construction Co.* v. *Zoning Board of Appeals*, 225 Conn. 432, 441, 623 A.2d 1007 (1993). We will not read into § 1-210 (b) (1) a requirement that a public agency provide its rationale for withholding disclosure of applicable records at a specific time when the legislature has expressed no intent to include such a restriction.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] The plaintiff also claims that the acting chairman's notes are not properly exempt under General Statutes § 1-210 (b) (1) because the ethics commission *as a body* never asserted its reasons for withholding the notes. Rather, the plaintiff claims, the defendant improperly relied on a statement by the acting chairman of the ethics commission, made in his individual capacity, to support the ethics commission's decision to withhold the notes. We find that argument unavailing as well. The minutes from the ethics commission meeting on January 18, 2001, which were part of the record before the trial court, indicate that the members of the ethics commission not only discussed the decision to withhold their notes from public disclosure, but that they voted as a body to withhold such notes because the public interest in withholding publication of the notes outweighed the public interest in disclosing them. Contrary to the plaintiff's claim, then, the record reflects that the ethics commission did act as a body in making that determination and the trial court properly could have so found.