DANIEL M. SESSA ET AL. *v.* DONALD J. PROVINCE, SR., ET AL.
(AC 27150)

Bishop, DiPentima and Foti, Js.

Argued October 12—officially released December 5, 2006

*Paul D. Buhl*, for the appellants (defendant Donald J. Province II et al.).

*Howard Fetner*, with whom, on the brief, was *Glenn W. Dowd*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendants Donald J. Province II and Field Company Builders, LLC,[1] appeal from the

---

[1] The other defendants in this case, Donald J. Province, Sr., Field Company, Inc., and Monogram Millworks, LLC, are not parties to this appeal. We therefore refer to Donald J. Province II and Field Company Builders, LLC, as the defendants.

judgment of the trial court rendered in favor of the plaintiffs, Daniel M. Sessa and Alicia C. Sessa, after the defendants had been defaulted for failure to appear at a mediation session. On appeal, the defendants claim that the court improperly denied their motion to set aside the default. We affirm the judgment of the trial court.

The plaintiffs filed a complaint against the defendants in connection with the construction of a home in Haddam. The court, *Sferrazza, J.*, ordered the parties to attend a mediation session before *Hon. Samuel H. Teller*, judge trial referee. Approximately two months before the mediation session, the parties received a copy of Judge Teller's mediation orders. Those orders provided in relevant part: "At least seven days prior to the mediation [session], the parties shall exchange and submit to the mediator current available information disclosing all relevant material pertaining to the case . . . . Failure to attend, unless excused in advance by the court, shall result in the imposition of sanctions, including a nonsuit or default against the party failing to comply, and an award to the complying party of [attorney's] fees."

The mediation session was scheduled for May 24, 2005, but the defendants did not submit any material to Judge Teller beforehand, and neither they nor their attorney, Paul D. Buhl, attended the mediation session. Buhl incorrectly recorded the date of the mediation session as May 31, 2005, and was instead in Illinois on May 24, 2005. Judge Teller defaulted the defendants for failure to appear and ordered them to pay the plaintiffs $200 in attorney's fees.

The defendants then filed a motion to set aside the default pursuant to Practice Book § 17-42, which provides in relevant part that "[a] motion to set aside a

default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. . . ." Judge Sferrazza determined that Buhl's failure to record the correct date of the mediation session did not constitute good cause to set aside the default and accordingly denied the defendants' motion to set aside the default. Judge Sferrazza subsequently rendered judgment in favor of the plaintiffs. This appeal followed.

"We review a court's ruling on a motion to set aside a default under the abuse of discretion standard. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Merritt* v. *Fagan*, 78 Conn. App. 590, 593, 828 A.2d 685, cert. denied, 266 Conn. 916, 833 A.2d 467 (2003).

The record indicates that the defendants received notice of Judge Teller's orders regarding the mediation session and failed to comply with them. In light of the defendants' negligence, Judge Sferrazza reasonably concluded that the defendants had failed to demonstrate good cause to set aside the default. This court repeatedly has stated that negligence is an improper ground on which to set aside a default. See, e.g., *Wilson* v. *Troxler*, 91 Conn. App. 864, 872, 883 A.2d 18, cert. denied, 276 Conn. 928, 929, 889 A.2d 819, 820 (2005). Accordingly, we conclude that Judge Sferrazza did not abuse his discretion in denying the defendants' motion to set aside the default.

The judgment is affirmed.